1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8 | BRYCE A. ECKLEIN,

9 |                         Plaintiff,                    Case No. C20-1267-MLP

10 |        v.                                            ORDER

11 | STATE OF HAWAII,

12 |                         Defendant.

13

14

## I.    INTRODUCTION

15        This matter is before the Court on the State of Hawaii's Motion to Dismiss ("Defendant's

16 Motion") seeking to dismiss Plaintiff Bryce Ecklein's complaint for lack of subject matter

17 jurisdiction and improper venue. (Def.'s Mot. (Dkt. # 11) at 1.) In the alternative, Defendant

18 requests that this action be transferred to the District of Hawaii. (*Id.*) Plaintiff opposed the

19 motion (Pl.'s Resp. (dkt. # 12)) and Defendant filed a reply (Def.'s Reply (dkt. # 13)). Neither

20 party requested oral argument. Having considered the parties' submissions, the balance of the

21 record, and the governing law, Defendant's Motion (dkt. # 11) is GRANTED, and this matter is

22 DISMISSED with prejudice for lack of subject matter jurisdiction.

23

ORDER - 1

1

## II.    BACKGROUND

2      The Hawaii Real Property Tax Act ("HARPTA"), as codified in the Hawaii Revised

3 Statutes ("H.R.S."), requires transferees of real property located in Hawaii to "deduct and

4 withhold a tax equal to 7.25 percent of the amount realized on the disposition of Hawaii real

5 property." H.R.S. § 235-68(b). Under HARPTA, all transfers of Hawaii real property are subject

6 to the withholding requirement unless an enumerated exception applies. *See* H.R.S.

7 § 235-68(d)-(g). Pertinent to this matter, a transferor is exempt from the withholding requirement

8 if they are a Hawaii resident. H.R.S. § 235-68(d)(1).

9      Plaintiff's complaint alleges the State of Hawaii committed various violations of the

10 Commerce Clause, Privileges and Immunities Clause, Due Process Clause, and Equal Protection

11 Clause of the United States Constitution by enacting HARPTA. (Pl.'s Compl. (Dkt. # 1) at 3.)

12 Plaintiff alleges that H.R.S. § 235-68 is unconstitutional because it requires the withholding of

13 state tax for Hawaii nonresidents, while not requiring the withholding of state tax for Hawaii

14 residents. (*Id.* at 5.) Consequently, Plaintiff's requested relief seeks that: (1) H.R.S. § 235-68 be

15 either repealed, rewritten to include Hawaii residents, and/or the withholding process altered; (2)

16 all affected parties be reimbursed for monies withheld under H.R.S. § 235-68 since its inception;

17 and (3) that payment from this action include "interest and loss of use penalty." (*Id.*)

18

## III.    LEGAL STANDARD

19      Federal courts have limited jurisdiction and "possess only that power authorized by

20 Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377

21 (1994) (citations omitted). When presented with a motion to dismiss pursuant to Rule 12(b)(1),

22 the Court favorably views "the facts alleged to support jurisdiction." *McNatt v. Apfel*, 201 F.3d

23 1084, 1087 (9th Cir. 2000) (citing *Boettcher v. Sec. Health & Human Servs.*, 759 F.2d 719, 720

ORDER - 2

1   (9th Cir. 1985)). A federal court is presumed to lack subject matter jurisdiction until the plaintiff

2   establishes otherwise. *Kokkonen*, 511 U.S. at 377; *Stock West, Inc. v. Confederated Tribes*, 873

3   F.2d 1221, 1225 (9th Cir. 1989).

4        A complaint must be dismissed under Rule 12(b)(1) if, "considering the factual

5   allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the

6   Constitution, laws, or treaties of the United States, or does not fall within one of the other

7   enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or

8   controversy within the meaning of the Constitution; or (3) is not one described by any

9   jurisdictional statute." *Baker v. Carr*, 369 U.S. 186, 198 (1962); *see D.G. Rung Indus., Inc. v.*

10  *Tinnerman*, 626 F.Supp.1062, 1063 (W.D. Wash. 1986)*. The Court holds *pro se* plaintiffs to less

11  stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint

12  in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Blaisdell*

13  *v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

14                                   **IV.    DISCUSSION**

15       Defendant argues that the Tax Injunction Act, principles of comity, and the Eleventh

16  Amendment require dismissal of this action for lack of subject matter jurisdiction because

17  Plaintiff's sought relief would hinder the application or enforcement of Hawaii state taxes.

18  (Def.'s Mot at 5.) Plaintiff generally counters that the Court has subject matter jurisdiction over

19  his claims because: (1) the Court has the power to hear federal questions involving violations of

20  constitutional rights under 28 U.S.C. § 1343; (2) the Tax Injunction Act "cannot . . . impinge on

21  basic rights granted/guaranteed by the Constitution"; (3) a suitable state remedy does not exist

22  for comity purposes; and (4) the Eleventh Amendment does not bar this action under

23  *Pennsylvania v. Union Gas*, 4 91 U.S. 1 (1989) and the Fourteenth Amendment's Privileges and

1    Immunities Clause.[1] (Pl.'s Resp. at 2-5.) Plaintiff additionally argues that this case cannot be

2    fairly transferred to Hawaii because all Hawaii judges have a potential conflict of interest. (*Id.* at

3    6-7.)

4          As further explained below, construing Plaintiff's complaint in the light most favorable to

5    Plaintiff, this action is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because

6    this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims.

7          **A.      Tax Injunction Act**

8          Pursuant to the Tax Injunction Act, "[t]he district courts shall not enjoin, suspend or

9    restrain the assessment, levy or collection of any tax under State law where a plain, speedy and

10   efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Tax Injunction

11   Act is a "broad jurisdictional barrier . . . which limit[s] drastically federal district court

12   jurisdiction to interfere with so important a local concern as the collection of taxes.'" *Lowe v.*

13   *Washoe Cty.*, 627 F.3d 1151, 1155 (9th Cir. 2010) (internal quotation marks and citations

14   omitted); *see also California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982).

15   Consequently, the Tax Injunction Act "prohibits a federal district court, in most circumstances,

16   from issuing an injunction enjoining the collection of state taxes" and additionally "prohibits a

17   district court from issuing a declaratory judgment holding state tax laws unconstitutional." *Grace*

18   *Brethren Church*, 457 U.S. at 408; *see also Fair Assessment in Real Estate Ass'n Inc. v. McNary*,

19

20   _____

21   [1] Section 1343 grants district courts jurisdiction over certain civil actions. *See* 28 U.S.C. § 1343. Though
     the Court generally has jurisdiction to hear federal questions involving alleged violations of constitutional
22   rights, 28 U.S.C. § 1341 specifically functions to limit federal jurisdiction over state tax claims where a
     "plain, speedy and efficient remedy" may be had in state court. *See* 28 U.S.C. § 1341. Consequently, the
     Tax Injunction Act "does not confer jurisdiction, but instead limits jurisdiction which might otherwise
23   exist." *Osceola v. Fla. Dep't. of Rev.*, 893 F.2d 1231, 1232 (11th Cir. 1990) (citing *May v. Colorado
     Supreme Court,* 508 F.2d 136 (10th Cir. 1974), *cert. denied*, 422 U.S. 1008 (1975)).

ORDER - 4

1    454 U.S. 100, 116 (1981) (finding that taxpayers are barred by principles of comity "from

2    asserting § 1983 actions against the validity of state tax systems in federal courts.").

3         The Supreme Court established a two-step inquiry to assess the applicability of the Tax

4    Injunction Act. *Hibbs v. Winn,* 542 U.S. 88, 99 (2004); *Amazon.com LLC v. Lay,* 758 F.Supp.2d

5    1154, 1163 (W.D. Wash. 2010); *see Wash. Trucking Ass'ns v. Trause,* 2012 WL 585077, at *3-4

6    (W.D. Wash. Feb. 21, 2012). First, the Court must consider the nature of the relief requested by

7    the plaintiff. *Hibbs,* 542 U.S. at 99; *Amazon.com LLC,* 758 F.Supp.2d at 1163. Second, the Court

8    must consider whether the relief requested will enjoin, suspend or restrain the assessment, levy,

9    or collection of state taxes. *Id.*; *see* 28 U.S.C. § 1341.

10        In considering the relief requested, and whether it enjoins the collection of a state tax, the

11   Ninth Circuit has previously observed 28 U.S.C. § 1341 "serves 'state-revenue-protective

12   objectives' and applies only if the requested relief would 'reduce the flow of state tax revenue.'"

13   *Fredrickson v. Starbucks Corp.*, 840 F.3d 1119, 1123 (9th Cir. 2016) (quoting *Hibbs*, 542 U.S. at

14   104-106); *see also May Trucking Co. v. Or. Dep't of Transp.*, 388 F.3d 1261, 1267 (9th Cir.

15   2004). Consistent with this principle, in *Frederickson*, the Ninth Circuit determined the

16   withholding of state taxes is a method of tax collection under 28 U.S.C. § 1341. *Id.* at 1122.

17   Consequently, the Ninth Circuit held 28 U.S.C. § 1341 strips a district court of jurisdiction to

18   award declaratory and injunctive relief when the matter concerns the withholding of state taxes

19   because granting such relief would impede the flow of state tax revenue. *Id.* at 1123.

20        In addition to the considerations explained above, the Court must also determine whether

21   a "plain, speedy and efficient remedy" is available to Plaintiff in the state courts for the Tax

22   Injunction Act's jurisdictional prohibition to apply. 28 U.S.C. § 1341; *Grace Brethren Church,*

23   457 U.S. at 411; *see Amazon.com LLC,* 758 F.Supp.2d at 1165-66. In determining whether a

ORDER - 5

1    "plain, speedy and efficient remedy" is available, the state court remedy need only meet "certain

2    minimal procedural criteria." *Hyatt v. Yee*, 871 F.3d 1067, 1073 (9th Cir. 2017) (citing *Lowe*,

3    627 F.3d at 1155 (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512 (1981))). As such,

4    the party challenging the state tax must have access to "a full hearing and judicial determination

5    at which he may raise any and all constitutional objections to the tax." *Id.* (quoting *Rosewell*, 450

6    U.S. at 513). The available state court remedy "need not necessarily be the best remedy available

7    or even equal to or better than the remedy which might be available in the federal courts." *Id.*

8    (citing *Mandel v. Hutchinson*, 494 F.2d 364, 367 (9th Cir. 1974) (internal quotations and

9    citations removed)).

10        Here, the Court concludes that the Tax Injunction Act is applicable to this action because

11   HARPTA mandates the withholding of state tax, a method of tax collection pursuant to 28

12   U.S.C. § 1341. Plaintiff seeks declaratory and injunctive relief based on the operation of

13   HARPTA in addition to a general request for damages based on its function. (Pl.'s Compl. at 5.)

14   Plaintiff further requests that the Court find HARPTA unconstitutional. (*Id.*) Granting the

15   declaratory and injunctive relief requested here would undoubtedly reduce the flow of state tax.

16   *See* H.R.S. § 235-68(c); *Fredrickson*, 840 F.3d at 1123. Because Plaintiff's requested relief

17   necessarily impacts the withholding of a state tax under HARPTA, this matter clearly falls within

18   the province of the Tax Injunction Act. *Fredrickson*, 840 F.3d at 1122. As such, this Court lacks

19   subject matter jurisdiction to adjudicate Plaintiff's claims because Plaintiff's sought action would

20   entail the repeal, enjoinment, or suspension of HARPTA. *See* 28 U.S.C. § 1341; *Fredrickson*,

21   840 F.3d at 1122-23.

22        Moreover, this Court is further restrained under the Tax Injunction Act from declaring

23   HARPTA unconstitutional, *see Grace Brethren Church*, 457 U.S. at 408, and a "plain, speedy

1    and efficient remedy" is available because the Hawaii state courts provide for a full hearing and

2    judicial determination at which Plaintiff may raise his constitutional objections to the tax.[2] *See*

3    *Air Polynesia, Inc. v. Freitas*, 742 F.2d 546, 548 (9th Cir. 1984) (holding that because of the

4    "broad authority" granted by H.R.S. § 232-11 to the Hawaii Tax Appeal Court "to decide all

5    questions of fact and all questions of law, including constitutional questions," the Hawaii Tax

6    Appeal Court "can provide a full and fair hearing on these claims, and the minimal procedural

7    requirements imposed . . . are therefore satisfied."). Accordingly, the Court does not have the

8    necessary subject matter jurisdiction to determine Plaintiff's claims pursuant to 28 U.S.C.

9    § 1341.

10            **B.       Comity Doctrine**

11           Comity doctrine precludes the exercise of lower federal-court adjudicatory authority

12   where an adequate state-court forum is available. *Levin v. Commerce Energy, Inc.,* 560 U.S. 413,

13   421 (2010). The principle of comity reflects "a proper respect for state functions, a recognition of

14   the fact that the entire country is made up of a Union of separate state governments, and a

15   continuance of the belief that the National Government will fare best if the States and their

16   institutions are left free to perform their separate functions in separate ways." *Fair Assessment,*

17   454 U.S., at 112 (quoting *Younger v. Harris,* 401 U.S. 37, 44 (1971)). "Comity's constraint has

18

19

---

20   [2] A taxpayer seeking to challenge HARPTA may submit a request to the Hawaii Department of Taxation
     for a refund. H.R.S. § 232-14.5(a). Upon the Department's denial of the request, the taxpayer may appeal
21   to the Tax Appeal Court of the State of Hawaii. H.R.S. § 232-14.5(b). The Hawaii Tax Appeal Court,
     hearing the matter de novo, "shall determine all questions of fact and all questions of law, *including
22   constitutional questions*." H.R.S. § 232-13 (emphasis added); *see also* H.R.S. § 232-11 (the Hawaii Tax
     Appeal Court "shall have the power and authority . . . to decide all questions of fact and all questions of
     law, including constitutional questions."); H.R.S. § 232-16(e) ("An appeal to the [Hawaii Tax Appeal
23   Court] shall bring up for review all questions of fact and all questions of law, including constitutional
     questions, necessary to the determination of the objections raised by the taxpayer or county in the notice of
     appeal.").

ORDER - 7

1    particular force when lower federal courts are asked to pass on the constitutionality of state

2    taxation of commercial activity." *Levin,* 560 U.S. at 42.

3        Principles of comity additionally preclude this Court's authority over this action. As

4    previously explained above, an adequate state-court forum is available in the Hawaii state courts

5    to hear and decide Plaintiff's constitutional claims. *See Levin,* 560 U.S. at 421; *Fair Assessment*,

6    454 U.S. at 116 n.8 ("We discern no significant difference . . . between remedies which are

7    "plain, adequate, and complete" as that phrase has been used in articulating the doctrine of

8    equitable restraint, and those which are "plain, speedy and efficient," within the meaning of [28

9    U.S.C.] § 1341.") (citations omitted). Consequently, Plaintiff's action is barred under comity

10    doctrine.

11        **C.**      **Eleventh Amendment Sovereign Immunity**

12        Under the Eleventh Amendment of the United States Constitution, "[t]he Judicial power

13    of the United States shall not be construed to extend to any suit in law or equity, commenced or

14    prosecuted against one of the United States by Citizens of another State, or by Citizens or

15    Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment bars an

16    individual from suing a state in federal court without the state's consent. *See Seminole Tribe of*

17    *Florida v. Florida,* 517 U.S. 44, 54-55 (1996); *Nat. Res. Def. Council v. California Dep't of*

18    *Transp.,* 96 F.3d 420, 421 (9th Cir. 1996). Therefore, when a state is named as the defendant in

19    an action, "[i]t is clear, absent consent, that the action is proscribed by the Eleventh

20    Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

21    Nevertheless, a plaintiff may proceed against a nonconsenting state if: (1) Congress has enacted

22    "'unequivocal statutory language'" abrogating the state's immunity from suit; and (2) some

23    constitutional provision allows Congress to encroach on the state's sovereignty. *Allen v. Cooper*,

ORDER - 8

1 | 140 S. Ct. 994, 1001 (2020) (quoting *Seminole Tribe*, 517 U.S. at 56); *see also Micomonaco v.*

2 | *Washington*, 45 F.3d 316, 319 (9th Cir. 1995).

3 |       Here, construing Plaintiff's complaint liberally and in the light most favorable to him, the

4 | Court concludes the Eleventh Amendment bars Plaintiff's action. The State of Hawaii is the sole

5 | named defendant in this action. (*See* Pl.'s Compl. at 1.) However, Hawaii has not waived its

6 | sovereign immunity for suits seeking monetary relief for violations of its state statutes filed in

7 | federal court. *See Price v. State of Hawaii*, 921 F.2d 950, 958 (9th Cir. 1990) (finding H.R.S.

8 | § 661-1 does not extend state consent to suits in federal court under the Eleventh Amendment);

9 | *see also Off. of Hawaiian Affairs v. Dep't. of Educ.*, 951 F.Supp.1484, 1491 (D. Haw. 1996).

10 | Plaintiff's arguments suggesting this suit may still proceed against the State of Hawaii are

11 | additionally misplaced. Plaintiff's reliance on *Union Gas* is erroneous as it has since been

12 | expressly overruled by *Seminole Tribe*. *See id.,* 517 U.S. at 66 (concluding *Union Gas* was

13 | "wrongly decided"). Plaintiff has also failed to demonstrate Congress has passed any

14 | "unequivocal statutory language" abrogating Hawaii's immunity to suit by way of the Fourteenth

15 | Amendment. *Id.* at 56. Consequently, this Court concludes that Hawaii is immune to suit in

16 | federal court in this action under the Eleventh Amendment.

17 |       **D.**    **Leave to Amend**

18 |       Under Rule 15, the court should "freely give" leave to amend a pleading "when justice so

19 | requires." Fed. R. Civ. P. 15(a)(2). When a court dismisses a *pro se* plaintiff's complaint, the

20 | court must give the plaintiff leave to amend unless "it is absolutely clear" that amendment could

21 | not cure the defects in the complaint. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015);

22 | *see also Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). Leave to amend is

23 | commonly found to be futile where the Eleventh Amendment bars plaintiff's claims. *See Manson*

ORDER - 9

1  *v. Wash. Health Care Auth.*, 2017 WL 1364606, at \*3 (W.D. Wash. Apr. 14, 2017) (denying

2  leave to amend based on the Eleventh Amendment); *Block v. Wash. State Bar Assoc.*, 2016 WL

3  1464467, at \*10 (W.D. Wash. Apr. 13, 2016) (same).

4       As previously discussed above, both the Tax Injunction Act and Eleventh Amendment

5  bar Plaintiff's action against the State of Hawaii. Regardless of how Plaintiff might amend his

6  complaint, no additional allegations could cure the jurisdictional defects present in his claims.

7  Accordingly, the Court concludes that it would be futile to allow Plaintiff to amend his

8  complaint, and therefore, the Court declines to grant leave to amend and dismisses this action

9  with prejudice.[3]

10  ### V.   CONCLUSION

11       For the foregoing reasons, the Court hereby orders:

12      (1)   Defendant's Motion (dkt. # 11) is GRANTED, and this case is DISMISSED with

13           prejudice for lack of subject matter jurisdiction;

14      (2)   The Clerk is directed to send copies of this Order to the parties.

15       Dated this 25th day of November, 2020.

16

17                    MICHELLE L. PETERSON
                  United States Magistrate Judge

18

19

20  [3] Generally, actions dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) are dismissed without prejudice. *See Freeman v. Oakland Unified Sch. Dist.,* 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of jurisdiction 'should be . . . without prejudice so that a plaintiff may reassert his

21  claims in a competent court.'") (quoting *Frigard v. United States,* 862 F.2d 201, 204 (9th Cir. 1988)). However, because Eleventh Amendment immunity additionally precludes this action against the State of

22  Hawaii, this action is dismissed with prejudice. *See Doe v. Regents of the University of California*, 891 F.3d 1147, 1153-54 n.6 (9th Cir. 2018) (finding dismissal with prejudice appropriate where action barred by Eleventh Amendment and granting leave to amend would be futile); *Eriksen v. Wash. State Patrol*, 308

23  Fed. App'x. 199, 200 (9th Cir. 2009).

ORDER - 10